IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT T. ROACH,

        Petitioner,

vs.                                            Case No. 17-cv-0850-DRH

T.G. WERLICH,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in Federal Correctional Institution Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his enhanced sentence as a career offender under USSG § 4B1.1 and § 4B1.2 based on prior Illinois state court convictions for controlled substance offenses. (Doc. 1, p. 7). Petitioner requests that the Court vacate his original sentence and re-sentence him without the career offender status enhancement. (Doc. 1, p. 12).

Petitioner was sentenced to 262 months' imprisonment. (Doc. 1, p. 10). If Petitioner had not been sentenced as a career offender, his sentencing guidelines range would have been between 110 and 137 months. *Id.* Petitioner appealed his sentence, but his appeal was ultimately denied on April 15, 2015. (Doc. 1, p. 9). He also filed a § 2255 motion, which did not survive Rule 4 review of the Rules Governing § 2254 cases. (Doc. 1, p. 2, 4, 9).

1

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## The Petition

Prior to his federal conviction, Petitioner had been convicted of Unlawful Delivery of a Controlled Substance in violation of 720 ILCS 570/401 in Case No. 02-CF-1298 and Possession with Intent to Deliver a Controlled Substance within 1000 feet of a Church in violation of 720 ILCS 570/407(b)(1) in Case No. 06-CF-1730. (Doc. 1, p. 7). Petitioner's initial guideline range reflected a Base Offense Level ("BOL") of 26 and a Criminal History ("CH") of V, which gave Petitioner a range of 110 to 137 months. (Doc. 1, p. 10). The Career Offender Enhancement raised Petitioner's BOL to 34 and his CH to VI, which made Petitioner's range 262 to 327 months. *Id.* Petitioner argues that in light of *Mathis v. United States*, 136 S.Ct. 2243 (U.S. 2016), his state prior offenses do not match up with the generic offenses described by the sentencing guidelines and that he improperly received an enhancement. *Id.*

## Discussion

Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this

remedy typically supersedes the writ of habeas corpus. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). A writ of habeas corpus under § 2255 requires the petitioner to file his challenge in the district that imposed the criminal sentence on him. See 28 U.S.C. § 2255(a). In this case, Petitioner is clearly attacking his sentence. However, Petitioner argues that § 2255 is not available to him because *Mathis* was decided after his conviction, appeal, and the disposition of his § 2255 Petition. (Doc. 1, pp. 9-10). It is also not a case recognizing a new constitutional right pursuant to § 2255(f)(3). Petitioner also points to *Dawkins v. United States*, 829 F.3d 549 (7th Cir. 2016) for the proposition that in the Seventh Circuit, cases raising *Mathis* must be brought pursuant to § 2241. (Doc. 1, p. 9).

The "savings clause" under § 2255(e) allows a federal prisoner to file a petition under § 2241, if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). In considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that a federal prisoner should be permitted to seek relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). A federal prisoner must meet 3 criteria in order to invoke the Savings Clause and obtain collateral relief pursuant to § 2241. First, a prisoner "must show that he relies on a [new] statutory-interpretation case rather than a constitutional case;"

3

second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).

Petitioner has met the first two requirements to bring a § 2241 case. *Mathis* is a case of statutory interpretation, not a case announcing a constitutional right. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (Because *Mathis* "is a case of statutory interpretation," claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241."); *Jenkins v. United States*, No. 16–3441 (7th Cir. Sept. 20, 2016) ("Mathis is not amenable to analysis under § 2244(b) because it announced a substantive rule, not a constitutional one.").

The Petition also meets the second requirement. The Seventh Circuit has indicated that *Mathis* is a substantive rule. *Dawkins*, 829 F.3d at 551 (7th Cir. 2016). Controlling precedent indicates that substantive Supreme Court rules are applied retroactively. *See Narvaez v. United States*, 674 F.3d 621, 625 (7th Cir. 2011); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016).

Petitioner has also plausibly stated that his sentence enhancement may be a miscarriage of justice. In *Mathis*, the Supreme Court discussed the correct approach to applying the enumerated clause in the ACCA. 136 S.Ct. 2243 (U.S. 2016). A prior crime qualifies as a predicate offense only if its elements are the

4

same as, or narrower than, those of the generic offenses listed in the statute. *Id.* at 2247. When a statute is indivisible, a court can determine whether the crime counts as an ACCA predicate by lining up the crime's elements alongside those of the generic offense to see if the elements match. *Id.* at 2248. In the case of a divisible statute, where the statute lists elements in the alternative, a court employs a "modified categorical approach" by which the court may examine a limited class of documents to determine what crime, with what elements, the defendant was convicted of. *Id.* at 2249. *Mathis* stands for the proposition that when a statute enumerates various facts that meet an element of the crime, a court must still apply the categorical approach, without reference to the facts of the specific case. *Id.* at 2251. That is, if the statute is indivisible, but specifies that certain alternative facts may satisfy an element, a court cannot look to the facts of the case to determine whether the conduct involved satisfied the generic version of the crime if the state statute involved is broader than the generic version. *Id.*

The Sentencing Guidelines, like the ACCA, also refer to specific crimes as grounds for sentencing enhancements. Some of the language of the Sentencing Guidelines tracks the ACCA quite closely. Although *Mathis* specifically addressed burglary with reference to the language in the "crime of violence" section, other courts have applied the *Mathis* rationale to other aspects of the sentencing guidelines. *See United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) (applying *Mathis* and concluding petitioner's conviction for delivery of a controlled

5

substance was not a "controlled substance offense" within the meaning of the Guidelines). Here Petitioner has argued that his sentence was enhanced pursuant to 2 convictions for state court crimes, and when the *Mathis* analysis is applied to the relevant statutes, they will be found to be broader than the generic crime of a controlled substance offense. For that reason, the Court directs Respondent Werlich to file a response so that the Court may have the advantage of further briefing in deciding this issue.

**IT IS HEREBY ORDERED** that Respondent shall answer the petition or otherwise plead within thirty days of the date this Order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, or timeliness argument it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a) (2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the

6

pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**   *David R Herndon*   Judge Herndon
2017.09.19
18:02:09 -05'00'

**United States District Judge**