# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT T. ROACH, #45250-424, | ) ) |
| Petitioner, | ) ) |
| vs. | ) ) Case No. 17-cv-0850-NJR |
| T.G. WERLICH, | ) ) ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Robert T. Roach, an inmate in the Bureau of Prisons, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). In May 2014, Roach was sentenced to a 262 month term of imprisonment after pleading guilty to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). *United States v. Robert T. Roach*, 12-cr-50065, Doc. 47 (N.D. Ill. May 9, 2014). His sentencing range under the United States Sentencing Guidelines ("Guidelines") was enhanced after the sentencing judge determined that he was a career offender pursuant to U.S.S.G. § 4B1.1, based in part on two prior Illinois controlled substance convictions. *Id*. at Doc. 75, pp. 5–7.

Roach now invokes *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016), to challenge his sentence and argue that he is entitled to be resentenced without this Guidelines enhancement. Specifically, Roach argues that because the Illinois controlled substance statutes he was convicted under criminalize the "delivery" of controlled substances, but the definition of a "controlled substance offense" under Section 4B1.2(b) of the Guidelines refers to the "manufacture, import, export,

1

distribution, or dispensing" of a controlled substance instead of the "delivery" of a controlled substance, this conviction can no longer support the Guidelines enhancement under *Mathis*. (Doc. 1, pp. 7–8; Doc. 30, pp. 2–9; Doc. 33, pp. 1–4).

Respondent opposes issuance of the writ on multiple grounds. First, Respondent argues that Roach cannot satisfy the requirements of Section 2255(e)'s savings clause because his sentence fell within the statutory maximum penalty for his crime of conviction notwithstanding his Guidelines enhancement, so his alleged harm is not a "miscarriage of justice" as required by Seventh Circuit precedent. (Doc. 17, pp. 4–7). Respondent also argues that Roach affirmatively waived his right to bring this action via the waiver provision in his plea agreement. (*Id*. at pp. 9–10). Finally, Respondent argues that even if the Court reaches the merits of Roach's Petition, his Petition must fail because Roach's prior Illinois controlled substance convictions are properly considered controlled substance offenses as defined by U.S.S.G. § 4B1.2(b). (*Id*. at pp. 15–20).

Respondent supplemented his Response with additional Seventh Circuit authority (Doc. 22), prompting Roach to file both a Reply (Doc. 30) and a brief with supplemental authority in support of his Petition. (Doc. 33). Respondent filed an opposition to Roach's supplemental authority (Doc. 37), to which Roach replied. (Doc. 40). This matter is now ripe for resolution.

## RELEVANT FACTS AND PROCEDURAL HISTORY

On January 6, 2014, Roach pleaded guilty to one count of possession with intent to distribute approximately 90 grams of a mixture containing cocaine base,[1] as well as one count of possessing a firearm in furtherance of a drug trafficking crime.[2] *United States v. Roach*, No. 12-cr-50065, Doc. 31, p. 2 (N.D. Ill. Jan. 6, 2014). Roach entered into a formal Plea Agreement, in which he agreed that he:

> "knowingly waive[d] the right to appeal . . . any part of [his] sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law . . . [and] waive[d] his right to challenge his

---

[1] In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) (2010).
[2] In violation of 18 U.S.C. § 924(c)(1)(A) (2006).

conviction and sentence . . . in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255."

*Id*. at p. 14.[3] Roach also agreed that he was a career offender under U.S.S.G. § 4B1.1(a) due to felony convictions for three prior Illinois controlled substance offenses. *Id*. at pp. 6–8.

Both of Roach's offenses carried statutory mandatory minimum sentences of 5 years' (60 months') imprisonment. *See* 18 U.S.C. § 924(c)(1)(A)(i) (2006) *and* 21 U.S.C. § 841(b)(1)(B)(iii) (2010). Roach's drug trafficking offense carried a statutory maximum penalty of 40 years' (480 months') imprisonment, while his firearm offense carried a maximum penalty of life imprisonment. *Id*. While neither party has provided the Presentence Report ("PSR") from Roach's underlying criminal case to the Court, there is no dispute that Roach was determined to be a career offender due to his prior Illinois controlled substance convictions. (Doc. 1, pp. 7–8; Doc. 17, pp. 7–9).[4]

Roach asserts that before the career-offender enhancement, his Sentencing Guideline range would have been 110-137 months, but this was increased to an advisory range of 262-327 months as a result of the enhancement. (Doc. 1, p. 10). That range included the mandatory-consecutive 60 months for the firearm count.[5] *Roach*, No. 12-cr-50065, Doc. 75, pp. 5-6 (N.D. Ill.). Roach was sentenced to 202 months' imprisonment for his drug trafficking offense, plus the mandatory minimum of 60

---

[3] Roach's plea agreement contained three express exceptions to this waiver, none of which are applicable to the instant Petition: (1) Roach reserved the right to claim that his plea agreement was involuntary; (2) Roach reserved the right to bring an appeal or collateral attack based on ineffective assistance of counsel; and (3) Roach reserved the right to seek a sentence reduction based directly on a change in the law applicable to him that had been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission. *Id*. at p. 14.

[4] The PSR and its supplement are filed under seal at Docs. 32 and 34 in Roach's criminal case, *United States v. Roach*, No. 12-cr-50065. Because it is sealed, this Court was unable to access it, and neither party has provided a complete copy to the Court. But Roach's Petition, Respondent's Response, and the parties' subsequent filings reference the specific grounds for Roach's career offender designation.

[5] Roach's firearm offense was required by statute to run consecutively to any sentence he received for his drug trafficking offense. 18 U.S.C. § 924(c)(1)(D)(ii) (2006).

months' imprisonment for his firearm offense, for a total of 262 months' imprisonment. *Roach*, No. 12-cr-50065, Doc. 47, p. 2 (N.D. Ill. May 9, 2014).

Roach filed a direct appeal which was summarily denied by the Seventh Circuit after the panel found Roach had voluntarily entered into his plea agreement which contained a permissible and enforceable appeal waiver. *Id*. at Doc. 83, p. 2. He subsequently filed two motions under 28 U.S.C. § 2255. In the first motion, Roach argued that his counsel was ineffective during pre-trial motion practice in his criminal case—this motion was denied, with the court finding it was barred by the appeal waiver in Roach's plea agreement. *United States v. Roach*, No. 16-cv-50106, Doc. 4, pp. 1–2 (N.D. Ill. June 6, 2016).

Roach's second Section 2255 motion, which was premised on *Johnson v. United States*, 576 U.S. –, 135 S. Ct. 2551 (2015), was denied because Roach failed to apply for and obtain leave from the Seventh Circuit to file a second or successive Section 2255 motion. *United States v. Roach*, No. 16-cv-50221, Doc. 5, pp. 1–2 (N.D. Ill. Mar. 23, 2017). The court went on to state that even if Roach had been granted leave to file a second motion, his claim failed on the merits because it was directly "foreclosed by the Supreme Court's recent decision in *Beckles v. United States*, which held that the [Guidelines] are not subject to a vagueness challenge under the Due Process Clause." *Id*. at p. 2 (internal quotations omitted).

### APPLICABLE LEGAL STANDARDS

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir.

4

2003). And a prisoner is generally limited to only *one* challenge of his conviction and sentence under Section 2255. A prisoner may not file a "second or successive" Section 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

It is possible, however, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under Section 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Last, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Since *Davenport*, the Seventh Circuit has made it clear that "there must be some kind of structural problem with [S]ection 2255 before [S]ection 2241 becomes available. In other words,

5

something more than a lack of success with a [S]ection 2255 motion must exist before the savings clause is satisfied." *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

### ANALYSIS

In light of *Mathis*, Roach argues his Guidelines sentencing range was improperly enhanced because the statutes of his prior Illinois drug convictions criminalize more behavior than the definition of "drug trafficking offense" in the Guidelines (Doc. 1, pp. 7–8). Before reaching the merits of this argument, the Court must first consider whether Roach's claim can be brought within the narrow scope of Section 2255's savings clause. The Court agrees with Respondent that Roach cannot demonstrate the existence of a fundamental defect in his conviction or sentence that is grave enough to be deemed a miscarriage of justice, and thus he cannot satisfy the requirements of Section 2255(e)'s savings clause to bring his *Mathis* claim in a Section 2241 petition.

Some errors can be raised on direct appeal but not in a collateral attack by a Section 2255 motion or a Section 2241 petition. A claim that a defendant's Guidelines sentencing range was erroneously calculated is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013); *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for Section 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

The Guidelines have been advisory since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). The Guidelines enhancement and sentencing range that applied to Roach was advisory, not mandatory, because he was sentenced in 2014, well after the *Booker* decision. *United States v. Roach*, No. 12-cr-50065, Doc. 47 (N.D. Ill. May 9, 2014). The applicable statutory sentencing range for Roach's drug trafficking conviction at the time of his sentencing was 5 to 40 years' (60 to 480 months') imprisonment pursuant

to 21 U.S.C. § 841(b)(1)(B)(iii) (2010). Thus, Roach's 202-month sentence for his drug offense is well below the statutory maximum sentence for his conviction, as is his 262-month total sentence, which includes the additional 60-month sentence for his firearm offense (which was mandated by statute to be imposed consecutively to his drug offense sentence). *See* 18 U.S.C. § 924(c)(1)(D)(ii) (2006).

Roach argues that he could not have brought his claim within a year of his final conviction in 2014 because the argument he raises was foreclosed to him until after *Mathis* was decided in 2016. Even assuming that the first and second *Davenport* criteria have been met,[6] *Hawkins* dictates that an erroneous application of the advisory guidelines does not amount to a "miscarriage of justice" (the third *Davenport* factor) so long as the sentence is within the applicable statutory limit. Therefore, Roach's Petition does not meet the criteria to bring his claim within Section 2255(e)'s savings clause.

The Court notes Roach's citation to *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), in support of one of his supplemental pleadings. (Doc. 33, pp. 1–6). In *Elder*, the Seventh Circuit used the framework of *Mathis* (which refined the rule of *Taylor v. United States*, 495 U.S. 575 (1990)) to analyze 21 U.S.C. § 841(b)(1)(A)'s mechanism to enhance the mandatory minimum sentence of drug trafficking offenders with prior "felony drug offenses" as defined by the United States Code. 900 F.3d at 495–96. After applying the categorical approach of *Taylor* and *Mathis* to the Arizona statute at issue in the case, the *Elder* panel concluded that the Arizona statute criminalized the possession of more substances than those contained in the definition of "felony drug offense" at 21 U.S.C. § 802(44). *Id*. at 501–03. The Court finds, however, that the analysis and conclusion of *Elder* is distinguishable from this case—*Elder* was not decided in the context of the Guidelines, nor does it discuss or implicate the rule in *Hawkins* in any way. *Id*. at pp. 493–504. Even if the Court were to assume that Roach's prior Illinois convictions no longer pass muster under the categorical approach employed in *Mathis* and

---

[6] Because *Hawkins* dictates that Roach cannot possibly satisfy *Davenport*'s "miscarriage of justice" factor, which is dispositive of his Petition, the Court need not decide whether Roach has satisfied the other two *Davenport* factors. Likewise, the Court need not reach the merits of Respondent's argument that Roach's Petition is foreclosed by his appeal waiver in the plea agreement. (Doc. 17, pp. 9–10).

*Elder*, *Hawkins* would still dictate that there was no "fundamental defect" sufficient to meet Section 2255(e)'s savings clause because his sentence was imposed pursuant to the advisory Guidelines, and it was within the statutory range for his offense.

In short, there is no meaningful way to distinguish *Hawkins* from this case. The issue in *Hawkins* was the same as the issue raised here by Roach: the use of a prior conviction that would allegedly no longer qualify as a predicate for a Guidelines enhancement under current law. In its supplemental opinion on denial of rehearing in *Hawkins*, the Seventh Circuit summarized its holding: "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had . . . been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916 (internal citations omitted). *Hawkins* remains binding precedent in this Circuit, and thus Roach's Petition must be dismissed.

## Conclusion

For these reasons, Roach's Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Roach wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Roach plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Roach does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than

8

twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal. It is not necessary for Roach to obtain a certificate of appealability from this disposition of his Section 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:** **August 19, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**